UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION

CASE NO. 08-21924 CIV - GOLD

MAGISTRATE JUDGE : / McALILEY

MERCEDES CORTES., on behalf of
herself and all others similarly situated,

    Plaintiff

vs.

HIS HOUSE, INC. a Florida
Corporation,

    Defendant
_____/



## COMPLAINT

1. Plaintiff, MERCEDES CORTES, (hereinafter referred to as "Plaintiff"), is a former employee of Defendant HIS HOUSE, INC. (hereinafter referred to as "Defendant") and brings this action on behalf of herself and all other employees and former employees of Defendant similarly situated to her for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216 (b). Plaintiff is a citizen and resident of Dade County, Florida within the jurisdiction of this honorable Court.

2. Defendant, HIS HOUSE, INC.. is a Florida Corporation, and within the jurisdiction of this Court.

3. This action is brought to recover from Defendant unpaid wages and unpaid minimum wage compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of Title 29 U.S.C. § 201 et seq., and specifically under the

provisions of Title 29 U.S.C. § 216(b) (the "Act").

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is, and at all times pertinent to this Complaint was, engaged in interstate commerce. At all times pertinent to this Complaint Defendant regularly operated a school at which Plaintiff was empoyed as a teacher and utilized goods which moved in interstate commerce. Based upon information and belief the annual gross sales volume of Defendants was in excess of $500,000.00 per annum.

5. By reason of the foregoing, Defendant was during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

6. The additional persons who may become Plaintiffs in this action are teachers employed by Defendant who are or who were subject to the payroll practices and procedures described in Paragraph 10 below during one or more work weeks beginning on or after July 1, 2005.

7. At all times pertinent to this Complaint Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by the Defendant to properly pay Plaintiff for those hours.

8. Plaintiff was hired by Defendant during 2008, as a teacher. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff herself was engaged in commerce. The work performed by Plaintiff was directly essential to the operations of Defendant, in interstate commerce, which was directly essential to the business performed by Defendant.

9. Plaintiff's employment with Defendants provided for compensation at the rate of $90.00 per day.

10. In the course of employment with Defendants, Plaintiff and other similarly situated employees worked the number of hours required of them but were paid the minimum wage for all such hours worked. In fact, Plaintiff was not paid anything for her final period of employment. Plaintiff and those similarly situated to her were not paid for the final pay period of their employment during one or more work weeks beginning on or after July 1, 2005.

11. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody and control of Defendant.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION
## HIS HOUSE, INC.

Plaintiff readopts and realleges and allegations contained in Paragraphs 1 through 11 above.

12. Plaintiff is entitled to be paid the minimum wage for all hours worked. All similarly situated employees are similarly entitled to be paid the minimum wage for all hours worked.

13. By reason of the said intentional, willful and unlawful acts of HIS HOUSE, INC. all Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of HIS HOUSE, INC'S. willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her are entitled to liquidated damages in an equal amount to that set forth in Paragraph 13 above.

15.     Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after July 1, 2005, Plaintiff and those similarly situated to her who have or will opt into this action, demand judgement against Defendant HIS HOUSE, INC. for the minimum wage payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** ___ day of June, 2008.

                              Respectfully submitted,

                              **LAW OFFICES OF DONALD J. JARET, P.A.**
                              Counsel for Plaintiff
                              2697 Botticelli Dr.
                              Henderson, Nv. 89052
                              Tel: (305) 740-3383
                              Fax: (800) 616-1685

                              BY: _____
                              DONALD J. JARET
                              Florida Bar No. 296163

## NOTICE OF CONSENT

The undersigned, __Mercedes Cortes__, hereby consents, pursuant to 29 U.S.C. § 216(b), to become a party plaintiff in this action and to be represented by DONALD J. JARET, P.A.

DATED THIS _____ of January, 2004.

_Mercedes Cortes_
Client Signature

305-877-4714
Daytime Phone

17200 NW 91 Place
Hialeah, FL 33018

305-336-7362 or above.
Evening Phone

Address

TO BE EFFECTIVE, THIS NOTICE OF CONSENT MUST BE FILED WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, 301 NORTH MIAMI AVENUE, ROOM 150, MIAMI, FLORIDA 33128. FOR YOUR CONVENIENCE AN ENVELOPE PROPERLY ADDRESSED TO SUCH COURT HAS BEEN PROVIDED TO YOU.

# NOTICE OF LIEN
# AND
# LIMITATION OF CLIENT RIGHT TO SETTLE

Notice is hereby given that DONALD J. JARET, P.A. and _Mercedes Cortes_ (hereinafter referred to as "Client") have entered into a contract which calls for the payment of attorney's fees and costs out of the recovery in this action and that any attempt by Client, to settle, resolve, or waive the right of DONALD J. JARET, P.A. to attorney's fees and costs is ineffective, and unenforceable.

Notice is further given that Client has assigned to DONALD J. JARET, P.A. all right, title and interest to recover attorney's fees and costs in this action pursuant to 29 U.S.C. §216(b). As part of such assignment Client has expressly agreed to cooperate and assist DONALD J. JARET, P.A. in recovering all attorney's fees and costs in this action. Based on such agreement any attempt to resolve the issue of attorney's fees and costs with Client shall be ineffective and of no force and effect.

_[signature]_
Client Signature

DATE: 5/26/08

BY: _[signature]_
Donald J. Jaret, Esq.

DATE: _[signature]_

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**08-21924**

## I. (a) PLAINTIFFS
MERCEDES CORTES ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED

**DEFENDANTS**
HIS HOUSE, INC,

**CIV - GOLD**

(b) County of Residence of First Listed Plaintiff: DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: DADE / McALILEY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DONALD JARET, P.A.
2697 BOTTICELLI DR
HENDERSON, NV 89052

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE-08-21924-CV-GOLD-MCALILEY

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 USC SEC 201 ET SEQ
LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 6/29/08

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # 783334